IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| ROBERTO GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> PALOS HEIGHTS POLICE DEPARTMENT; Officer Birkmeier, D (DB1110); Marcinowski (Badge 108 IL01685ACE); Paluch, K. (KP1119); Nagy, A (AN1158). <br><br> Defendant. | Case No. 23-cv-2285 <br><br> JURY DEMAND |

## COMPLAINT

NOW COMES the PLAINTIFF, ROBERTO GARCIA, by and through his attorney(s) Frank Avila of the Avila Law Group, LLC, and in complaining of DEFENDANTS, PALOS HEIGHTS POLICE DEPARTMENT; Officer Birkmeier, D (DB1110); Marcinowski (Badge 108 IL01685ACE); Paluch, K. (KP1119); Nagy, A (AN1158) states as follows:

1. In this civil action, Roberto Garcia seeks damages against the Palos Heights Police Department, and Palos Heights Police Department officers for the deprivation of rights secured by the Fourth Amendment to the Constitution of the United States and the laws of the United States.

2. The Defendants wrongfully, without probable cause, and negligently arrested Plaintiff in Palos Heights, Illinois in an unreasonable manner, causing serious damage to Plaintiff and his constitutional rights and property. This unreasonable arrest deprived Plaintiff of his rights as a United States Citizen.

## Jurisdiction and Venue

3. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and § 1988, 28 U.S.C. Section 1331 and Section 1343(a), the Constitution of the United States, and pendent jurisdiction as provided under U.S.C. 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b), because the Defendants are located in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

5. Plaintiff, Roberto Garcia is a United States citizen and a resident of Cook County, Illinois. He serves as a Police sergeant in the Cicero Police Department.

6. Defendant's Police officers Officer Birkmeier, D (DB1110); Marcinowski, F (Badge 108 IL01685ACE); Paluch, K. (KP1119); and Supervisor Nagy, A (AN1158) were at all times material hereto, duly appointed Officers employed by Defendant City of PALOS HEIGHTS acting in the capacity of sworn law enforcement officials.

7. Defendant PALOS HEIGHTS POLICE DEPARTMENT an Illinois municipal corporation located in Cook County, Illinois.

## BACKGROUND

8. On April 13th, the Roberto Garcia was being promoted to the rank of Sergeant at the Cicero Police Department.

9. Roberto Garcia traveled to the ceremony with Beatriz Lappay's children and met her at the ceremony.

10. During the ceremony, the Roberto Garcia's daughter Esperanza was broadcasting it due to limited guests allowed because of the pandemic.

11. After the ceremony, while taking pictures with family members, Esperanza handed the Roberto Garcia a computer and asked him to take a picture with Beatriz, who was on Zoom. The complainant also took pictures with his brother, niece, and sister-in-law on Zoom. They then left for the Capri Restaurant in Burr Ridge.

12. Beatriz expressed her displeasure at Roberto Garcia taking a picture with his ex-wife on Zoom at the restaurant, but Roberto Garcia stated that it was not the place to discuss it.

13. While leaving the restaurant, Beatriz threatened the Roberto Garcia, saying, "veras quando llegamos a la casa" which means "you'll see when we get home" in Spanish.

14. Roberto Garcia responded by saying, "I am not your kid". Roberto Garcia then dropped off his daughter at her mother's house in Willow Springs where his ex-wife congratulated him and advised him to stay at her house if Beatriz started arguing with him at home.

15. Upon arriving home, Roberto Garcia went to the basement to remove his police dress uniform and placed it on hangers. Roberto Garcia went back

3

upstairs and sat at the kitchen island with his iPad. Beatriz began yelling at him for taking a picture with his ex-wife, and they argued about it.

16. Beatriz threatened to leave with the children, but Roberto Garcia suggested that he would leave so that she could stay with them. Roberto Garcia went down to pack his clothes, at which point he heard a loud bang of things falling to the ground. Beatriz's children were awake and playing video games when this occurred. Roberto Garcia advised the children to call their father to come and get them.

17. Upon returning to the kitchen island, Beatriz continued to yell at her son, who was seven years old, to throw out the garbage.

18. Roberto Garcia advised her not to yell at him, and she responded by saying, "he's not your son". Beatriz then took Roberto Garcia's iPad and threw it across the room, shattering the glass. She then grabbed his printer, threw it off the kitchen countertop, and smashed it on the ground.

19. Roberto Garcia stood up to stop her from throwing his phone, but she grabbed it and threw it on the ground. She then claimed that Roberto Garcia had slapped her, which was not true.

20. She went to the door, opened it, and began yelling for help, causing a disturbance. The children were yelling downstairs, telling her to stop being embarrassing.

21. Roberto Garcia walked her back to the door and closed it. Beatriz threw herself on the floor and began yelling at Roberto Garcia.

22. Roberto Garcia attempted to pick her up off the floor, but she screamed, "don't fucking touch me," and he stepped away from her.

23. She then called 911 and made false accusations that Roberto Garcia had struck her. Roberto Garcia attempted to reason with Beatriz, but she continued with her call and waited for the police to arrive.

24. Roberto Garcia attempted to reason with Beatriz and explain to her that involving the police in their lives for no valid reason would not be beneficial for either of them. Despite this, Roberto Garcia waited for the police to arrive after Beatriz called them.

25. Upon their arrival, the police entered the house in an aggressive manner. Roberto Garcia informed the officers that he was a police sergeant and had not laid a hand on Beatriz. Nevertheless, the officers asked him to step outside and separated him, Beatriz, and their children.

26. Roberto Garcia attempted to explain to the sergeant and other officers that Beatriz was upset with him for taking a picture with his ex-wife and was falsely accusing him of slapping her. However, the sergeant related that Beatriz had alleged that he had slapped her, and that she had redness on her face and bruising on her knees.

27. Roberto Garcia informed the sergeant that bruising can take up to 48 hours to show and asked him if he was aware of that fact. When Roberto Garcia asked the sergeant to interview the children, the sergeant informed him that Beatriz had not allowed him to do so.

28. Roberto Garcia pointed out that this was a red flag, but the sergeant nevertheless decided to arrest him.

29. Roberto Garcia also informed the officers that Beatriz had destroyed his iPad, printer, and phone and requested to file a complaint against her for domestic

5

criminal damage to property. However, the sergeant denied him the right to file a complaint against Beatriz, and the officers arrested him instead. During the arrest, the officer handling the plaintiff became aggressive and pulled his arms aggressively, causing extreme pain to his shoulder.

30. Roberto Garcia s son later sent a text message to Isabella, whose contents should be in the file, but the police failed to investigate it. The detectives did not attempt to schedule a forensic interview with the minor Isabella.

31. On an unknown date, Roberto Garcia was given an order to remove his property from the house, but Beatriz had changed the locks. Despite this, Roberto Garcia was able to enter the garage with the code and began loading his personal belongings. However, upon the sergeant's arrival, he informed Roberto Garcia that he was only allowed to take what the sergeant permitted him to take.

32. Roberto Garcia informed the officer that the judge's order superseded the sergeant's authority, but the sergeant still refused to let him take any of his property, claiming that what was hers was his and what was his was hers.

33. At a later date, Roberto Garcia received notice that Beatriz was selling his personal property on Facebook. He contacted his attorney and was able to obtain a second property removal order. However, when he contacted the Palos Heights Police Department for assistance, the same sergeant informed him that he was not allowed to remove any property unless it was specific and he could provide a receipt. Despite informing the sergeant that Beatriz was selling all of his personal belongings, the sergeant claimed that it was not his problem and that they were not going to provide a police escort.

## COUNT I

**(Garcia's Claim for False Arrest and Imprisonment against One or More Defendant Officers)**

34. Garcia realleges paragraphs 1-33 with the same force and effect as if fully set forth herein.

35. The actions and conduct of one or more Defendant Officers, as set forth above, in falsely arresting and imprisoning Mr. Garcia on April 13th, 2021 under color of law and without probable cause violated his Fourth Amendment rights and one or more Defendant Officers should be held liable for doing so pursuant to 42 U.S.C. § 1983.

36. The actions and conduct of one or more Defendant Officers, as set forth above, were the direct and proximate cause of the violations of Jones' Fourth Amendment rights and caused the damages as set forth above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Garcia demands actual or compensatory damages plus the costs of this action and attorney fees from one or more Defendant Officers; in addition, Garcia demands punitive damages against one or more Defendant Officers as these individual Defendants acted willfully, wantonly and/or in reckless disregard of Garcia's rights; and, whatever additional relief this Honorable Court deems just equitable and just.

## COUNT II
**(42 U.S.C. § 1983 Conspiracy Claim to Deprive Garcia of his Constitutional Rights against One or More Defendant Officers)**

37. Garcia realleges paragraphs 1-38 with the same force and effect as if fully set forth herein.

38. Two or more of the Defendant Officers reached an agreement amongst themselves to unlawfully seize Garcia and to continue the unlawful seizure of Garcia and his property thereby depriving Garcia of his rights under the Fourth Amendment and 42 U.S.C. § 1983 as set forth above.

39. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity as set forth above.

40. The misconduct described in this Count was undertaken with malice, willfulness, wantonly and with reckless indifference to the rights of others.

41. The actions and conduct of two or more of the Defendant Officers, as set forth above, were the direct and proximate cause of the violations of Garcia's Fourth Amendment rights and caused the damages as set forth above.

42. As outlined above, Defendant police officers detained plaintiff without probable cause for one night in violation of plaintiff's fourth amendment rights.

43. The misconduct of Defendants as outlined above proximately caused injury to plaintiff, including, but not limited to, emotional pain and suffering.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 Garcia demands actual or compensatory damages plus the costs of this action and attorney fees; in addition, Garcia demands punitive damages as these individual Defendants acted willfully, wantonly, maliciously and/or in reckless disregard of his rights; and, whatever additional relief this Honorable Court deems just equitable and just.

## COUNT III

**(Garcia's Pendent State Claim for Malicious Prosecution Against one or more Defendant Officers)**

44. Garcia realleges paragraphs 1-43 with the same force and effect as if fully set forth herein.

45. The actions and conduct of one or more Defendant Officers, as set forth above, constitute malicious prosecution under the laws of the State of Illinois; as such, one or more Defendant Officer should be held liable for doing so pursuant to the laws of the State of Illinois.

46. The actions and conduct of one or more Defendant Officer, as set forth above, were the direct and proximate cause of the violations of Garcia's right to be free from malicious prosecution and caused the damages as set forth above.

**WHEREFORE,** pursuant to Illinois state law, Garcia demands actual or compensatory damages plus the costs of this action from one or more Defendant Officers; in addition, Garcia demands punitive damages against one or more Defendant Officers as these individual Defendants acted maliciously, willfully, wantonly and/or in reckless disregard of Jones' rights; and, whatever additional relief this Honorable Court deems just equitable and just.

## COUNT IV

**(Garcia's Claim of Excessive Force Against One of the Defendant Officers)**

47. Garcia's realleges paragraphs 1-46 with the same force and effect as if fully set forth herein.

48. The actions and conduct of one of the Defendant Officers, as set forth above, in using a greater amount of force than reasonably necessary on Williams

under color of law constitutes excessive force which violated Williams' Fourth Amendment rights and the same individual Defendant should be held liable for doing so pursuant to 42 U.S.C. § 1983.

49. The actions and conduct of one of the Defendant Officers, as set forth above, was the direct and proximate cause of the violations of Garcia's Fourth Amendment rights and caused the damages as set forth above

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Garcia demands actual or compensatory damages plus the costs of this action and attorney fees from one of the Defendant Officers; in addition, Garcia demands punitive damages against one of the Defendant Officers as he/she acted willfully, wantonly and/or in reckless disregard of Garcia's rights; and, whatever additional relief this Honorable Court deems equitable and just.

## COUNT V

### (Garcia's Claim of Failure to Intervene Against One or More of the Defendant Officers)

50. Garcia realleges paragraphs 1- 49 with the same force and effect as if fully set forth herein.

51. The actions and conduct of one or more Defendant Officers, as set forth above, in being present at the scene of the incident, possessing knowledge that one of the Defendant Officers had used excessive force, as set forth above, on Garcia and had a realistic opportunity to prevent or stop this from occurring yet failed to do so was the direct and proximate cause of the violations of Garcia's Fourth Amendment rights and caused the damages as set forth above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Garcia demands actual or compensatory damages plus the costs of this action and attorney fees from one or more of the Defendant Officers; in addition, Garcia demands punitive damages against one or more of the Defendant Officers as he/she/they acted willfully, wantonly and/or in reckless disregard of Garcia rights; and, whatever additional relief this Honorable Court deems equitable and just.

## COUNT VI
### (Indemnification Pursuant to 745 ILCS 10/9 102 against City)

52. Plaintiff reallege paragraphs 1-51 with the same force and effect as if fully set forth herein.
53. City is the employer of Defendant Officers.
54. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City.

**WHEREFORE,** Plaintiffs, pursuant to 745 ILCS 10/9-102, demand judgment against the City in the compensatory and actual amount awarded to Plaintiffs against one or more Defendant Officers as well as attorney fees, costs and interest obtained thereon; in addition, for whatever additional relief this Honorable Court deems equitable and just.

DATED: April 11, 2023                          Respectfully Submitted,

By:    /s/ Frank Avila

Frank Avila
7132 N. Harlem
Suite 107
Chicago, Illinois 60631
FrankAvilaLaw@GMail.com
Ph  773-671-3480